**LUM, DRASCO & POSITAN LLC**
103 Eisenhower Parkway – Suite 401
Roseland, NJ  07068-1049
(973) 403-9000
(973) 403-9021 (FAX)
NJ Attorney ID #0**12921981**
Attorneys for Plaintiff, ASSA ABLOY Entrance Systems US

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF ASSA ABLOY ENTRANCE SYSTEMS US INC., and ASSA ABLOY ENTRANCE SYSTEMS US INC., Individually,<br><br>       Plaintiffs,<br><br> -vs-<br><br>WALSH FEDERAL, LLC and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>       Defendants. | Civil Case No.:<br><br>**COMPLAINT**<br><br>*Document filed electronically* |

Plaintiff, ASSA ABLOY Entrance Systems US Inc., with a business address of 1900 Airport Road, Monroe, North Carolina 28110 by way of Complaint against the Defendants herein alleges and says:

1. Plaintiff, ASSA ABLOY Entrance Systems US Inc. ("Plaintiff" or "ASSA") is in the business of manufacturing and supplying automated commercial, industrial and residential entrance systems.

2. Defendant, Walsh Federal, LLC ("Walsh"), with an address of 929 W. Adams Street, Chicago, Illinois 60607 and at all relevant times herein was and is in the business of providing construction services.

#762755v1

3.      Defendant, Travelers Casualty and Surety Company of America ("Travelers") with an address of One Tower Square, Hartford, Connecticut 061283 and at all relevant times herein was and is in the business of issuing payment and other surety bonds in connection with construction projects.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 40 U.S.C. §3131 ("the Miller Act") because it relates to a Contract between the US Army Corps of Engineers ("Owner") and Defendant, Walsh for the construction of a public work of the Federal Government at Joint Base McGuire-Dix-Lakehurst, a joint military base located in New Jersey. ("the Project").

5.      Venue in this Court is proper pursuant to 40 U.S.C. §3131 as the Project is located within the State of New Jersey.

## FACTUAL ALLEGATIONS

6.      The Project, known as KC-46A Two Bay General Purpose Hangar involved the construction of an airport hanger at Joint Base McGuire-Dix-Lakehurst ("McGuire") in New Jersey.

7.      Under 40 U.S.C. §3131, et seq., a payment bond for the protection of all persons supplying labor and material in carrying out the work provided for in the Contract was required for the use of such persons.

8.      Defendant, Walsh as principal and Defendant, Travelers, as surety, furnished the required payment bond, and are jointly liable upon that bond for all amounts owed to persons furnishing labor or materials for the Project.

9.      Pursuant to a Subcontract Agreement No. 219102S10 dated October 21, 2019, Walsh contracted with ASSA to fabricate, supply and install Vertical Lift Fabric Doors for the Project. ("Subcontract")

10. The Subcontract was for a lump sum of One Million Six Hundred Fifty Dollars ($,1650,000.00).

11. By Change Order Number 219102S10-001 dated December 14, 2020, the contract price was reduced by One Hundred Seventy Six Thousand Four Hundred Ninety Eight Dollars and Thirty One Cents ($176,498.31) for a new contract price of One Million Four Hundred Seventy-Three Thousand Five Hundred One Dollars and Sixty Nine Cents ($1,473,501.69) ("Contract Price").

12. Pursuant to the Subcontract, ASSA timely fabricated, supplied and installed vertical lift doors for the Project.

13. During the course of the Project and pursuant to the terms of the Subcontract, ASSA submitted to Walsh, applications for payment for the work performed.

14. Defendant Walsh failed and refused to make payment to ASSA for any of the materials and services provided, alleging that ASSA is liable to Walsh for backcharges and liquidated damages assessed against Walsh by the Owner which exceed the Contract Price.

15. Specifically, Walsh has attempted to pass through to ASSA backcharges for general conditions work that was not within the scope of ASSA's Subcontract, as well as delay damages for which ASSA bears no responsibility.

16. In an effort to resolve this matter, ASSA has repeatedly requested that Walsh provide a critical path analysis to substantiate its delay claims.

17. Walsh has failed and refused to provide ASSA with any critical path method analysis.

18. Upon information and belief, the Owner has assessed liquidated damages for delays on the Project against Walsh, which damages Walsh, without any justification or substantiation, is attempting to pass through to ASSA.

19. ASSA did not cause and is not responsible for any delays with respect to the Project.

20. Despite requests from ASSA, Walsh has refused to advise whether it has assessed backcharges or delay damages against other subcontractors on the Project.

21. In October 2022, ASSA put Defendant Travelers on notice of its claim against the bond issued for the Project.

22. By letter dated October 12, 2022, Travelers acknowledged receipt of the claim and requested additional information in order to evaluate the claim.

23. ASSA provided the additional information sought by Travelers.

24. Subsequently, ASSA followed up with Travelers to determine the status of its review of the claim.

25. To date, Travelers has not responded to ASSA's requests as to the status of its claim.

26. The entire Contract Price is due and owing from Walsh to ASSA .

27. Walsh's failure to pay ASSA in a timely manner is a violation of 31. U.S.C. §3901 et seq., entitling ASSA to recover interest on the amounts due.

## COUNT ONE

**(Breach of Contract- Walsh)**

28. ASSA repeats and incorporates by reference each of the allegations of the preceding paragraphs of this Complaint.

29. ASSA has fully performed under the Subcontract by fabricating, supplying and installing vertical lift doors at the Project.

30. Walsh, in failing and refusing to pay ASSA for the materials provided and work performed, has breached the Subcontract.

31. As a direct and proximate result of Walsh's breaches, ASSA has and continues to suffer damages.

32. ASSA is entitled to recover prejudgment interest on the amount owed.

**WHEREFORE,** Plaintiff, ASSA ABLOY Entrance Systems US Inc., demands judgment against Defendant, Walsh Federal, LLC in the amount of ONE MILLION, FOUR HUNDRED SEVENTY-THREE, FIVE HUNDRED ONE DOLLARS AND SIXTY-NINE CENTS ($1,473,501.60) together with prejudgment interest, attorney's fees and costs of this action.

## COUNT TWO

### (Breach of Implied Covenant of Good Faith and Fair Dealing – Walsh)

33. ASSA repeats and incorporates by reference each of the allegations of the preceding paragraphs of this Complaint.

34. ASSA entered into a legal and binding contract with Walsh by way of the execution of the Subcontract.

35. ASSA maintained a reasonable and just expectation that the compensation called for in the Subcontract would be paid by Walsh.

36. Walsh's ongoing refusal to remit payment owed in connection with the work performed by ASSA under the Subcontract constitutes unreasonable and unconscionable business practices, which violates the implied covenant of good faith and fair dealing, as it is inconsistent with the reasonable expectations of the parties to the Subcontract.

37. Walsh's attempts to pass through to ASSA backcharges and delay damages assessed against it for which ASSA bears no responsibility and represents unreasonable behavior which violates the implied covenant of good faith and fair dealing, as it is inconsistent with the reasonable expectations of all parties to the Subcontract.

38. As a direct and proximate result of Walsh's breaches of the Subcontract and violations of the implied covenant of good faith and fair dealing, ASSA has sustained damages.

**WHEREFORE,** Plaintiff, ASSA ABLOY Entrance Systems US Inc., demands judgment against Defendant, Walsh Federal, LLC in the amount of ONE MILLION, FOUR HUNDRED SEVENTY-THREE, FIVE HUNDRED ONE DOLLARS AND SIXTY-NINE CENTS ($1,473,501.60) together with prejudgment interest, attorney's fees and costs of this action.

## COUNT THREE

### (Miller Act – Walsh and Travelers)

39. ASSA repeats and incorporates by reference each of the allegations of the preceding paragraphs of this Complaint.

40. Pursuant to 40 U.S.C. §3131 et seq., and under the payment bond required by that statute and furnished in connection with the Project, Defendants Walsh and Travelers are jointly liable to ASSA for the materials and labor furnished in connection with the Project.

41. ASSA has fully performed under the Subcontract in fabricating, supplying and installing vertical lift doors at the Project.

42. As a subcontractor of Walsh, ASSA is entitled to sue under the payment bond issued for the Project.

43. The last date for which ASSA provided labor, material and services for the Project was June 8, 2022.

44. More than ninety (90) days have passed since the last of the work for which a claim is made was performed.

45. Despite demand for payment, ASSA has not been paid for any of the materials or labor provided.

46. This action is brought within one (1) year of the date ASSA last performed work at the Project.

**WHEREFORE,** Plaintiff, ASSA ABLOY Entrance Systems US Inc., demands judgment against the Defendants, Walsh Federal, LLC and Travelers Casualty and Surety Company of America in the amount of ONE MILLION, FOUR HUNDRED SEVENTY-THREE, FIVE HUNDRED ONE DOLLARS AND SIXTY-NINE CENTS ($1,473,501.60) together with prejudgment interest, attorney's fees and costs of this action.

> LUM, DRASCO & POSITAN LLC
> Attorneys for Plaintiff, ASSA ABLOY Entrance Systems US Inc.
>
> By /s Paul A. Sandars, III
>    PAUL A. SANDARS, III
>    A Member of the Firm

DATED: June 1, 2023

## LOCAL CIVIL RULE 11.2 CERTIFICATION

The undersigned hereby certifies and declares that this matter in controversy in this action is not the subject of any other action pending in any other court or of any pending arbitration or administrative proceeding.

> LUM, DRASCO & POSITAN LLC
> Attorneys for Plaintiff, ASSA ABLOY Entrance Systems US, Inc.
>
> By: /s Paul A. Sandars, III
>    PAUL A. SANDARS, III
>    A Member of the Firm

DATED: June 1, 2023